**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marguerite T.M. Green, a single woman, aka Martess Green; Taylor A. Oakes, a single woman,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Maricopa County Sheriff Joe Arpaio; Maricopa County Sheriff's Department; Maricopa County Board of Supervisors; Mr. Max Wilson, Chairman; Fountain Hills Unified School District #98; Superintendent, Dr. Bill Mhyr; Jane Does I-X; John Does I-X; ABC Partnerships I-X; Limited Liability Cos I-X,<br><br>　　　　Defendants. | No. CV-10-1481-PHX-GMS<br><br>**ORDER** |

　　　　Pending before this Court are the following Motions: (1) Motion to Dismiss filed by Defendants Sheriff Joe Arpaio and Maricopa County Sheriff's Department (Doc. 6); (2) Motion to Dismiss filed by Defendants Maricopa County Board of Supervisors, Max Wilson, and Maricopa County (Doc. 7); and (3) Motion to Amend Complaint filed by Plaintiffs Marguerite T.M. Green and Taylor A. Oakes (Doc. 10). After reviewing all documents filed by the parties, the Court has determined that oral argument on the issue of federal jurisdiction would assist the Court in deciding whether this action should be remanded to state court.

　　　　The Notice of Removal states that the Court has original jurisdiction of this action under 28 U.S.C. § 1331 based on Plaintiffs' claim that the Fountain Hills Unified School

District #98 ("School District") violated the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"). In Plaintiffs' Motion to Amend (Doc. 10), they request, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, that the Court add a claim under 42 U.S.C. § 1983 against the School District for violating their rights under FERPA. It appears that courts have rejected the notion that FERPA itself gives rise to a private cause of action. *See Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 67 (1st Cir. 2002) (concluding that "FERPA does not confer a private right of action"); *Klein Indep. Sch. Dist. v. Mattox*, 830 F.2d 576, 579 (5th Cir. 1987) (dictum) ("FERPA neither explicitly provides for a private cause of action, nor does its legislative history indicate that its drafters intended one."); *Girardier v. Webster Coll.*, 563 F.2d 1267, 1276–77 (8th Cir. 1977) ("[FERPA] does not say that a private remedy is given. Enforcement is solely in the hands of the Secretary of Health, Education and Welfare under subsection (f). Under such circumstances, no private cause of action arises by inference.").

As the School District noted in its Response to Plaintiffs' motion, the United States Supreme Court in *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002), clearly stated that "there is no question that FERPA's nondisclosure provisions fail to confer enforceable rights." "FERPA's provisions speak only to the Secretary of Education, directing that '[n]o funds shall be made available' to any 'educational agency or institution' which has a prohibited 'policy or practice.' This focus is two steps removed from the interests of individual students and parents and clearly does not confer the sort of 'individual entitlement' that is enforceable under § 1983." *Id.* Moreover, the Supreme Court emphasized that "Congress expressly authorized the Secretary of Education to '*deal with violations*' of the Act, § 1232g(f), . . . and required the Secretary to 'establish or designate [a] review board' for investigating and adjudicating violations, §1232g(g)." *Id.* at 289.

The language of the above-cited cases strongly suggests that Plaintiffs' neither have a cause of action under FERPA itself, nor do they have a cause of action under § 1983 based on violations of FERPA. Thus, it appears the Court lacks subject matter jurisdiction over this action. The Court requests that the parties address the issue of jurisdiction at the scheduled

1 hearing.

2 **IT IS HEREBY ORDERED** that a hearing is set for **December 16, 2010 at 3:30**
3 **p.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington
4 St., Phoenix, Arizona 85003-2151.

5 DATED this 24th day of November, 2010.

G. Murray Snow
United States District Judge