1 **WO**

2
3
4
5

6 IN THE UNITED STATES DISTRICT COURT

7 FOR THE DISTRICT OF ARIZONA

8

| | |
|---|---|
| Marguerite T.M. Green, a single woman, aka Martess Green; Taylor A. Oakes, a single woman,<br><br>    Plaintiffs,<br><br>vs.<br><br>Maricopa County Sheriff Joe Arpaio; Maricopa County Sheriff's Department; Maricopa County Board of Supervisors; Mr. Max Wilson, Chairman; Fountain Hills Unified School District #98; Superintendent, Dr. Bill Myhr; Jane Does I-X; John Does I-X; ABC Partnerships I-X; Limited Liability Cos I-X,<br><br>    Defendants. | No. CV-10-1481-PHX-GMS<br><br>**ORDER** |

Pending before this Court are the following motions: (1) Motion to Dismiss filed by Defendants Sheriff Joe Arpaio ("Arpaio") and Maricopa County Sheriff's Department ("MCSD") (collectively "Arpaio Defendants") (Doc. 6); (2) Motion to Dismiss filed by Defendants Maricopa County Board of Supervisors, Max Wilson, and Maricopa County ("Board Defendants") (Doc. 7); and (3) Motion to Amend Complaint filed by Plaintiffs Marguerite T.M. Green and Taylor A. Oakes (Doc. 10). For the reasons provided below, the Court denies Plaintiffs' Motion to Amend and remands the case to state court. Accordingly, the Court denies the motions to dismiss (Doc. 6 & 7) as moot.

**BACKGROUND**

The complaint alleges the following. (Doc. 1, Ex. 1). On March 17, 2009, during spring break, Plaintiffs, who at the time were Fountain Hills High School students, attended a party held at Plaintiff Green's home. Apparently, officers from MCSD, who were called to the home, cited Plaintiffs for underage consumption of alcohol. (Doc. 6, Ex. 2; Doc. 7).

Pursuant to MCSD policy, the Department informs the Fountain Hills School District ("School District") of the names and personal information of any students from the district who are charged with an offense so the school can determine the appropriate school discipline and sanctions. (Doc. 1, Ex. 1). In this case, Plaintiffs allege that they were interrogated and disciplined by school officials in connection with the pending criminal charges, without the consent of their parents or attorney. The School District then disclosed its findings and disciplinary actions to the MCSD, among others.

Plaintiffs' complaint raises several claims related to the agreement between the Arpaio Defendants and the School District to share information related to the criminal activity of Fountain Hills students. The Notice of Removal states that the Court has original jurisdiction of this action under 28 U.S.C. § 1331 based on Plaintiffs' claim that the School District violated the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"). (Doc. 1). In Plaintiffs' Motion to Amend (Doc. 10), they request, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, that the Court add a claim under 42 U.S.C. § 1983 against the School District for violating their rights under FERPA.

**DISCUSSION**

**I. Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court "must" dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

Plaintiffs appear to allege both that FERPA creates a private cause of action, the claim upon which Defendants School District and Myhr relied to remove this case from state court,

1 and that it may serve as the underlying violation for purposes of a § 1983 claim. Because
2 neither of these claims creates a federal cause of action, the Court lacks subject matter
3 jurisdiction over the remaining state law claims raised in Plaintiffs' complaint.

4 **II. Cause of Action under FERPA**

5 "'[T]he fact that a federal statute has been violated and some person has been harmed
6 does not automatically give rise to a private cause of action in favor of that person.'" *Opera*
7 *Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 834 (9th Cir. 2004)
8 (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). FERPA was enacted
9 under Congress' "spending power to condition the receipt of federal funds on certain
10 requirements relating to the access and disclosure of student educational records." *Gonzaga*
11 *Univ. v. Doe*, 536 U.S. 273, 278 (2002). "The Act directs the Secretary of Education to
12 withhold federal funds from any public or private 'educational agency or institution' that fails
13 to comply with these conditions." *Id.* Moreover, FERPA specifically directs the Secretary
14 of Education to "deal with violations", § 1232g(f), and requires the Secretary to "establish
15 or designate [a] review board . . . for the purpose of investigating, processing, reviewing, and
16 adjudicating violations" of the Act, § 1232g(g).

17 The issue before the Court is whether FERPA creates a private cause of action that
18 would allow a plaintiff to raise a claim for the violation of FERPA itself or under § 1983. The
19 Supreme Court has made clear that a "court's role in discerning whether personal rights exist
20 in the § 1983 context [does not] differ from its role in discerning whether personal rights
21 exist in the implied right of action context. Both inquiries simply require a determination as
22 to whether or not Congress intended to confer individual rights upon a class of beneficiaries."
23 *Gonzaga*, 536 U.S. at 285 (internal citations omitted). "This makes obvious sense, since §
24 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*,
25 rights independently 'secured by the Constitution and laws' of the United States." *Id.*

26 Over the years, a number of circuit courts have rejected the notion that an individual
27 may bring a direct action under FERPA. *See Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52,
28 67 (1st Cir. 2002) (concluding that "FERPA does not confer a private right of action"); *Klein*

- 3 -

1 *Indep. Sch. Dist. v. Mattox*, 830 F.2d 576, 579 (5th Cir. 1987) (dictum) ("FERPA neither
2 explicitly provides for a private cause of action, nor does its legislative history indicate that
3 its drafters intended one."); *Girardier v. Webster Coll.*, 563 F.2d 1267, 1276–77 (8th Cir.
4 1977) ("[FERPA] does not say that a private remedy is given. Enforcement is solely in the
5 hands of the Secretary of Health, Education and Welfare under subsection (f). Under such
6 circumstances, no private cause of action arises by inference."). Although for a few years
7 some circuit courts permitted FERPA claims under § 1983, *see, e.g., Falvo v. Owasso Indep.*
8 *Sch. Dist. No. I-011*, 233 F.3d 1203, 1211 (10th Cir. 2000), *rev'd on other grounds*, 534 U.S.
9 426 (2002), *Gonzaga* clarified that FERPA suits by individuals, whether directly or under
10 § 1983, are precluded by the terms of the statute. 536 U.S. at 287 (stating that "there is no
11 question that FERPA's nondisclosure provisions fail to confer enforceable rights"); *see also*
12 *Cal. State Foster Parent Ass'n. v. Wagner*, 624 F.3d 974, 980 (9th Cir. 2010) (comparing
13 FERPA, which "did not create an enforceable right", to the Child Welfare Act, which
14 "focuses squarely on the individuals protected, rather than the entities regulated"); *ASW v.*
15 *Oregon*, 424 F.3d 970, 976 n.10 (9th Cir. 2005) (comparing FERPA, which "was 'not
16 concerned with whether the needs of any particular person have been satisfied'", to the
17 Adoption Assistance and Child Welfare Act of 1980, the provisions of which focus on "the
18 individual parents and their right to individualized payment determinations" (quoting
19 *Gonzaga*, 536 U.S. at 288)).

20 Because FERPA's provisions do not "give rise to individual rights," Plaintiffs' federal
21 claims, which are based on those FERPA provisions, must be dismissed. Thus, the Court
22 lacks jurisdiction to hear the remaining state law claims.

23 **IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend (Doc. 10) is
24 **DENIED.**

25 **IT IS FURTHER ORDERED** that Arpaio Defendants' Motion to Dismiss (Doc. 6)
26 and Board Defendants' Motion to Dismiss (Doc. 7) are **DENIED AS MOOT.**
27 / / /
28 / / /

1  The Clerk of the Court is directed to remand the case to state court.

2  DATED this 17th day of December, 2010.

*signature*
G. Murray Snow
United States District Judge

- 5 -